UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-　　　　　　　　　　　　　　　　　　ORDER

JAMES McCALLUM,　　　　　　　　　　　　　　14-CR-476-12 (CS)

       Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant James McCallum's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 538.)

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1] "The defendant has the burden to show he is entitled to a sentence reduction"

---

[1] Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons [("BOP")], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions

under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant states that he tested positive for COVID-19 on September 29, 2020, after being moved to a unit with infected inmates.  That is indeed unfortunate, but happily there is no indication that Defendant suffered a severe case or is still ill.  Now that he has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense.  "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis."  *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19.").  Further, Defendant does not suggest he has any

---

brought directly to the court by a defendant," *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

risk factors for severe disease, and in any event reinfections are "vanishingly rare." https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3.

Defendant's efforts at self-improvement are commendable, and I will take them into account at his upcoming resentencing.[2]  But "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C.A. § 994(t), and while I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" (quoting 28 U.S.C. § 994(t) (emphasis in *Brooker*), I do not find that a combination of circumstances here rises to that level.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to send terminate the pending motion, (Doc. 538), and send a copy of this Order to

---

[2]Defendant should understand that it will be plenary resentencing. It is not simply a matter of subtracting the months imposed on the now-invalid count.  Rather, the court reconsiders its whole sentencing package.

James McCallum, No. 71132-054, USP Thomson, U.S. Penitentiary, P.O. Box 1002, Thomson, IL 61285.

Dated: December 23, 2020
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.