UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                        ORDER

JAMES McCALLUM,                           14-CR-476-12 (CS)

                Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant James McCallum's *pro se* motion for reduction of sentence, which purports to be made under 18 U.S.C. § 3582(c)(1)(B). (Doc. 642.) That statute allows a sentence reduction if permitted under Federal Rule of Criminal Procedure 35, no provisions of which apply here, or if permitted by statute. The statutes to which Defendant points are the Fair Sentencing Act and the First Step Act. To the extent I can understand the motion, it is frivolous.

      Neither the Fair Sentencing Act nor the First Step Act applies to Defendant's case. He was sentenced for racketeering conspiracy, with predicate acts of attempted murder, and there have been no changes to the law governing those offenses since his re-sentencing on May 14, 2021 (or, indeed, since his original sentencing on May 23, 2016). (*See* ECF Nos. 245, 581.) The remainder of his claims appear to be ones which, if they had any merit, could have been raised in his earlier petition under 28 U.S.C. § 2255. Defendant claims to be innocent, and while actual innocence can be a gateway to a successive petition under § 2255, an application for a successive petition has to be made to the Court of Appeals. *See* 28 U.S.C. § 2255(h). To the extent Defendant is attempting to bring a freestanding claim of actual innocence, "[f]ederal law as of yet does not recognize freestanding actual innocence claims." *Bryant v. Thomas*, 725 F. App'x 72,

73 (2d Cir. 2018).[1]  Moreover, any claim of innocence must meet an extraordinarily high factual standard, *see Cosey v. Lilley*, 62 F.4th 74, 86 n.11 (2d Cir. 2023), and the entirely conclusory claim here would fail abysmally.  Defendant also seemingly attempts to raise claims of ineffective assistance of counsel (a claim he already attempted in his initial § 2255 petition), and a claim attacking the voluntariness of his guilty plea, but he would need permission from the Court of Appeals to raise those as well.[2]  His claims regarding insufficiency of the evidence are puzzling, as his conviction was obtained by guilty plea, not trial.  He provides no factual basis for his claim that he was not indicted by the grand jury, and the record contains an executed indictment.  (ECF No. 18.)  His arguments regarding the *mens rea* required for a drug conviction make no sense, as his conviction was for racketeering conspiracy based on attempted murders.[3]  Finally, to the extent Defendant may be arguing that the vacatur of his conviction under 18 U.S.C. § 924(c) somehow undermines the proof of his racketeering conviction, such an argument is meritless.  Defendant shot at rivals twice; that the firearms charge was vacated as the result of

---

[1] "An actual innocence claim is thus not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.  In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *Cortez v. Griffin*, No. 18-CV-766, 2023 WL 3266926, at *10 (S.D.N.Y. May 5, 2023) (cleaned up).  The Court will send Defendant copies of all unreported cases cited in this Order.

[2] 28 U.S.C. § 2255(h) requires either newly discovered evidence that, if proven, would establish by clear and convincing evidence that no reasonable factfinder would have found Defendant guilty, or a new, previously unavailable, rule of constitutional law that the Supreme Court has made retroactive on collateral review.  Defendant does not attempt to suggest that either of those provisions applies.

[3] I have already rejected his argument regarding the *mens rea* required for attempted murder.  *See McCallum v. United States*, No. 14-CR-476-12 (CS), 2019 WL 5088587, at *6-7 (S.D.N.Y. Mar. 1, 2019)

*United States v. Davis*, 139 S. Ct. 2319 (2019), does not somehow make that fact disappear. In short, the application fails.

      To the extent Defendant may mean to move under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," based on his having had COVID-19, I was aware of that fact when I denied Defendant's previous § 3582(c)(1)(A) motion, (ECF No. 540), and at the time of his resentencing. Defendant has also submitted a handwritten letter about his life and his thoughts. (ECF No. 642 at 18-34). As I said in connection with Defendant's previous motion, his efforts at self-improvement are commendable, but "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). While I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020) ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" (quoting 28 U.S.C. § 994(t) (emphasis in *Brooker*), I do not find that a circumstances set forth in the letter, and the remainder of the motion, rise to that level.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to send terminate the pending motion, (ECF No. 642), and send a copy of this Order to James McCallum, No. 71132-054, USP Canaan, U.S. Penitentiary, P.O. Box 300, Waymart, PA 18472.

Dated: May 15, 2020
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.