UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
JAMES McCALLUM,

        Petitioner,

                                                            ORDER

    -against-

UNITED STATES OF AMERICA,                14-CR-476-12 (CS)

        Respondent.
----------------------------------------------------x

Seibel, J.

      Defendant James McCallum has filed what purports to be a motion pursuant to Federal Rule of Criminal Procedure 60(b)(6).  (ECF No. 648.)  That rule relates to victims' rights, so I presume he means to refer to Federal Rule of Civil Procedure 60(b)(6), which provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief."  Defendant does not specify the final judgment he is attacking, but "Rule 60(b) (6) only applies to civil judgments and is not a procedural vehicle available to defendants seeking direct relief from criminal convictions."  *United States v. Porter*, No. 03-CR-129, 2008 WL 64668, at *1 (E.D.N.Y. Jan. 3, 2008).  The only civil proceeding involved in Defendant's case is his petition under 28 U.S.C. § 2255.  (See No. 18-CV-1227.)

      The pending motion alleges that Defendant's guilty plea did not meet the requirements of Federal Rule of Criminal Procedure 11 and that his trial and appellate counsel were ineffective for failing to raise that claim.  This issue was not raised in Defendant's § 2255 petition and attacks the integrity of the underlying conviction.  "[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may

treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004); *see Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) ("Using Rule 60(b) to present new claims for relief from a . . . judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.") (citing 28 U.S.C. § 2242(b)(2)).

The issues raised by the instant motion do not address the integrity of Defendant's § 2255 petition, but rather are an attack on the underlying conviction. I therefore deny the motion as outside the scope of Rule 60(b). *See, e.g., United States v. Lopez-Pena*, No. 05-CR-191, 2018 WL 4006803, at *1 (S.D.N.Y. Mar. 7, 2018) ("Because the entirety of Lopez-Pena's motion attacks the merits of his underlying conviction and sentence, I deny it as beyond the scope of Rule 60(b). Should Lopez-Pena wish to pursue the allegations he makes now, he must first obtain permission from the Second Circuit to file a successive 28 U.S.C. § 2255 motion.").[1]

---

[1] I do not reach other possible problems with the motion, such as whether an application in 2023 that attacks a plea from 2016 has met the requirement that Rule 60(b)(6) motions be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

The Clerk of Court is respectfully directed to terminate ECF No. 648 and to send a copy of this Order to James McCallum, No. 71132-054, USP Canaan, U.S. Penitentiary, P.O. Box 300 Waymart, PA 18472.

SO ORDERED.

Dated: September 18, 2023
       White Plains, New York

                                              _____
                                              CATHY SEIBEL, U.S.D.J.